```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

GERHARD M. KROISS, Ph.D. and   )
CHRISTINE M. KROISS,           )
                               )
          Plaintiffs,          )
                               )
     v.                        )     1:19-CV-1183
                               )
CINCINNATI INSURANCE           )
COMPANIES,                     )
                               )
          Defendant.           )

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, Chief District Judge.

Before the court is the motion of Defendant Cincinnati Insurance Companies ("Cincinnati Insurance")[1] to dismiss pursuant to Federal Rules of Civil Procedure 4, 8, 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), 12(b)(6), and 41. (Doc. 10.) *Pro se* Plaintiffs Gerhard Kroiss and wife Christine Kroiss filed a response in opposition (Doc. 15) and a supplement (Doc. 14).[2]

---

[1] "Cincinnati Insurance Companies" is a misnomer for the actual Defendant, Cincinnati Insurance Company. (See Doc. 10-1 at 2-3.) Although Plaintiffs have not brought suit against the company in its correct legal name, this defect does not prevent the court from deciding the motions before it. See United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 874 (4th Cir. 1947) (noting that a correct defendant who has "unquestionably been brought into the case" under an incorrect name will be bound by the court's judgment); Hughes v. Dollar Gen., No. 1:14-CV-148, 2015 WL 1292234, at *1 n.1 (M.D.N.C. Mar. 23, 2015).

[2] Although Plaintiffs filed over 190 pages in their opposition and supplement, only a small portion of these filings addresses the case at hand. (See Doc. 14 at 70-91; Doc. 15 at 6-8.) The vast majority of Plaintiffs' complaint, opposition, and supplements is wholly unrelated to the present case. (See, e.g., Doc. 14 at 4-8, 151-69 (family photos); Doc. 14 at 11-41 (European history); Doc. 15 at 4-5 (same); Doc. 14 at 42-49 (American history); Doc. 15 at 5 (same); Doc. 14 at 50-67 (critique

Cincinnati Insurance replied (Doc. 18), and Plaintiffs filed a second supplement (Doc. 19). Cincinnati Insurance moved to strike that supplement. (Doc. 20.) For the reasons set forth below, Cincinnati Insurance's motion to dismiss will be granted and its motion to strike will be denied as moot.

I.  BACKGROUND

The allegations, taken in the light most favorable to Plaintiffs as the non-moving parties, show the following:

On December 5, 2017, Mrs. Kroiss — an approximately 75-year-old German national who speaks only German — was rear-ended by Sarah Schott while driving. (Doc. 1-4 at 1.) Sarah, through her father Mark Schott, was insured by Cincinnati Insurance. (See id.; Doc. 11 at 3.) At the time of the accident, and with the encouragement of Mr. and Ms. Schott, Mrs. Kroiss did not call the police or an ambulance or write down Ms. Schott's license plate number. (Doc. 1-7 at 14.) Mr. Schott provided Mrs. Kroiss with the name of their insurance provider, Cincinnati Insurance. (See id.) Mrs. Kroiss then left the scene of the accident in her damaged vehicle without calling Mr. Kroiss or her daughter. (Id. at 14–15.)

"[P]artly because of the accident," Mrs. Kroiss suffered

---

of mathematics); Doc. 15 at 5 (same); Doc. 14 at 112–50 (Mr. Kroiss's educational and professional background); Doc. 15 at 8–10 (same); Doc. 1-7 at 4–5, 9–11 (Mr. Kroiss's personal friendships with Anna Freud, Paul Feyerabend, and Karl Popper); Doc. 14 at 103–11 (same)).

2

severe cognitive decline.  (Id. at 1, 14-15; Doc. 1-4 at 1.)  She struggled to recognize familiar places, was forgetful, and is no longer able to drive.  (Doc. 1-7 at 15; Doc. 1-4 at 1.)  Presently, she has "the mind of a forgetful three-year-old" (Doc. 15 at 11), and Mr. Kroiss has quit work to care for her full-time (Doc. 1-7 at 15).

On or around May 22, 2018, Mr. Kroiss sent Sherri Walker, a Claims Specialist with Cincinnati Insurance, a copy of Mrs. Kroiss's medical bill.  (Doc. 1-4; Doc. 10-1 at 14-16.)  Walker replied to this letter on July 24, 2018, and indicated that she would like to speak with him.  (Doc. 1-4 at 2; Doc. 10-1 at 11.)

Mr. Kroiss reports that he has made multiple phone calls to Cincinnati Insurance, which were not answered.  (Doc. 1 at 2; Doc. 1-3 at 1.)  On February 6, 2019, Mr. Kroiss sent a letter via certified mail to Cincinnati Insurance that also went unanswered.  (Doc. 1 at 2; see Doc. 1-4.)

Plaintiffs charge that Mr. Schott discriminated against his wife based on her German national origin when he encouraged her not to call the police or an ambulance.  (Doc. 1-3; Doc. 1-4 at 1.)  Plaintiffs further allege that Walker had a relationship with Mr. Schott that influenced her response to Plaintiffs' claims.  (Doc. 15 at 7-8.)

## II. ANALYSIS

Cincinnati Insurance rests its motion to dismiss on multiple

3

grounds, specifically lack of subject matter jurisdiction, lack of standing, procedural failings, and a failure to state a cognizable claim.[3] (Doc. 10.) As the court "may not assume jurisdiction for the purpose of deciding the merits of the case," Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007), the court must consider these arguments first.

### A. Subject Matter Jurisdiction

Cincinnati Insurance argues that Plaintiffs have demonstrated neither federal question nor diversity jurisdiction. (Doc. 11 at 22–24.) Because subject matter jurisdiction serves as a limitation on the court's power, the court must address this issue first. Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999) ("Questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'") (citation omitted). The party seeking to invoke the court's power bears the burden of establishing subject matter jurisdiction. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

As Plaintiffs are proceeding *pro se*, the court construes their pleadings liberally and holds them to a less stringent standard

---

[3] Cincinnati Insurance also argues that this court lacks personal jurisdiction over it. (Doc. 10 ¶ 33; Doc. 11 at 19–21.) However, Cincinnati Insurance bases its argument solely on Plaintiffs' alleged insufficiency of process and service of process and does not raise due process concerns. (See Doc. 11 at 19–20.) As such, the court considers the company's personal jurisdiction claim jointly with its allegations of insufficiency of process and service of process.

4

than for those drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, they are held to compliance with the Federal Rules of Civil Procedure and this court's local rules.

Federal question jurisdiction exists when a case "arises under" federal law. 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). It is not "enough that there may be a defense grounded in federal law or that the complaint anticipates and rebuts such a defense." Pressl v. Appalachian Power Co., 842 F.3d 299, 302 (4th Cir. 2016) (citing Caterpillar, 482 U.S. at 392-93). A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 may be dismissed for lack of subject-matter jurisdiction if it is not colorable, i.e., if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous," also referred to as the insubstantiality doctrine. Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) (citing Bell v. Hood, 327 U.S. 678, 682-83 (1946)). Dismissal for lack of jurisdiction under the insubstantiality doctrine is disfavored. See Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012) ("[T]he subject matter jurisdiction of a federal court is not generally resolved by concluding that the plaintiff has failed to allege an element of a federal cause of

action. . . . Deficiencies in the statement of a federal cause of action should normally be addressed by a motion under rules challenging the sufficiency of the complaint."); Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 394 (4th Cir. 2004) ("[T]he ultimate failure of a complaint to state a cause of action does not deprive the district court of subject-matter jurisdiction."); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) ("It is firmly established in our cases that absence of a valid (as opposed to arguable) cause of action does not implicate subject matter jurisdiction."); Bell, 327 U.S. at 682-83 ("[I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. . . . The accuracy of calling . . . dismissals [under the insubstantiality doctrine] jurisdictional has been questioned.").

Here, the complaint claims federal question jurisdiction but does not specify a federal cause of action. Plaintiffs merely state that jurisdiction is proper because the claim involves "[q]uestions involving the United States Constitution (National Origin Discrimination)." (Doc. 1 at 1.) Cincinnati Insurance construes the complaint to allege claims under 18 U.S.C. § 1981 or

6

§ 1983[4] (Doc. 11 at 10-11) and argues that these claims are wholly unsupported by facts sufficient to invoke federal question jurisdiction (id. at 22-24). However, Cincinnati Insurance's arguments are better suited for consideration on the merits rather than jurisdiction. As Plaintiffs' complaint is construed to make claims under federal law, and cognizant of Plaintiffs' *pro se* status, the court accepts the complaint as sufficient to invoke federal question jurisdiction.[5]

As the court accepts federal question jurisdiction, it need not consider the extent to which Plaintiffs have alleged diversity jurisdiction.

### B. Standing

The court must next consider Cincinnati Insurance's argument that Mr. Kroiss lacks standing. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (standing cannot be assumed

---

[4] As Plaintiffs' response to Cincinnati Insurance's motion to dismiss is silent on this point and does not indicate any other cause of action, the court will accept this construction of Plaintiffs' claims.

[5] To the extent Cincinnati Insurance argues that subject matter jurisdiction does not exist because Plaintiffs brought the present complaint under a misnomer, that argument fails. See n.1 supra. The misnomer of Defendant's corporate name is better considered a procedural issue impacting process, rather than an issue of jurisdiction. See In re QDN, LLC, 363 F. App'x 873, 878 (3d Cir. 2010) ("[M]isnomer is simply not a matter implicating subject matter jurisdiction."); Terra Eng'g & Const. Corp. v. Camp, Dresser & McKee, Inc., No. 03-C-582, 2007 WL 397493, at *8 (E.D. Wis. Feb. 1, 2007) ("This court retains subject matter jurisdiction despite the misnomer."); Cropp v. Golden Arch Realty Corp., No. 2:08-CV-0096-CWH, 2009 WL 10710585, at *2 (D.S.C. Mar. 31, 2009) (considering misnomer as an issue of process); Int'l Fire & Safety, Inc. v. HC Servs., Inc., No. CIV A 206CV63KS-MTP, 2006 WL 2403496, at *1 (S.D. Miss. Aug. 18, 2006) (same).

7

to reach a claim's merits). For the purposes of assessing standing, therefore, the court assumes Plaintiffs will prevail on the merits of their claims. Cooksey v. Futrell, 721 F.3d 226, 239 (4th Cir. 2013).

Section 1983 provides a private right of action only to those who allege that they have been deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parrat v. Taylor, 451 U.S. 527, 535 (1981). Accordingly, a § 1983 plaintiff, like any person who claims a deprivation of constitutional or federally protected rights, must allege some violation of his or her personal rights — not those of another. See English v. Powell, 592 F.2d 727 (4th Cir. 1979) (wife had no standing to maintain action arising from husband's demotion on job); Dohaish v. Tooley, 670 F.2d 934 (10th Cir. 1982) (right to bring action under civil rights act is personal in nature and does not accrue to a relative); Topic v. Circle Realty Co., 532 F.2d 1273 (9th Cir. 1976) (litigants have no standing to assert civil rights of third parties injured by unlawful conduct). Similarly, § 1981 provides a cause of action only to a plaintiff who has personal rights under an existing contract that he wishes to enforce. Painter's Mill Grille, LLC v. Brown, 716 F.3d 342, 348 (4th Cir. 2013). "Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship, not of someone else's." Id. (quoting Domino's Pizza,

8

Inc. v. McDonald, 546 U.S. 470, 480 (2006)). Thus, the issue here is whether Mr. Kroiss's injuries constitute the type of deprivation of personal rights contemplated by the relevant statutes.

In their complaint, Plaintiffs make no claims regarding any injuries suffered by Mr. Kroiss due to the alleged discrimination. At best, Mr. Kroiss alleges that he was forced to leave his employment as a result of his wife's accident. (Doc. 1-7 at 15.) However, there is no evidence that he was in any way involved in the discriminatory incident alleged -- his wife's car accident. As such, his personal loss does not rise to the level required to state a valid claim under 42 U.S.C. §§ 1981 or 1983. Therefore, Cincinnati Insurance's motion to dismiss the claims brought by Mr. Kroiss based on lack of standing will be granted.

### C. Failure to State a Claim

The remaining claims are those brought by Mrs. Kroiss. Cincinnati Insurance alleges that Plaintiffs' action has numerous procedural deficiencies that should result in dismissal, including insufficient process, insufficient service of process, and failure to provide proof of service. However, as Mrs. Kroiss's claims ultimately fail on the merits, the court will forego consideration of the procedural claims and directly address the merits.

#### 1. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim

9

showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In considering a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and all reasonable inferences must be drawn in the plaintiff's favor. Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). "Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegation 'to raise a right to relief above the speculative level' so as to 'nudge[] the[] claims across the line from conceivable to plausible.'" Sauers v. Winston-Salem/Forsyth Cty. Bd. Of Educ., 179 F. Supp. 3d 544, 550 (M.D.N.C. 2016) (alteration in original) (quoting Twombly, 550 U.S. at 555). "[T]he complaint must 'state[] a plausible claim for relief' that permit[s] the court to infer more than the mere possibility of misconduct based upon 'its judicial experience and common sense.'" Coleman v. Md. Ct. App., 626 F.3d 187, 190 (4th Cir. 2010) (alterations in original) (quoting Iqbal,

10

556 U.S. at 679). Thus, mere legal conclusions are not accepted as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

As noted, Mrs. Kroiss proceeds *pro se*. Although courts must construe *pro se* complaints liberally, "generosity is not a fantasy." Bender v. Suburban Hosp., Inc., 159 F.3d 186, 192 (4th Cir. 1998). The court is not expected to plead a plaintiff's claim for her, id., or "construct full blown claims from sentence fragments," Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Likewise, a court should not "conjure up questions never squarely presented." Id.

In ruling on a motion to dismiss, courts may consider documents attached to either the complaint or the motion to dismiss without converting the motion into one for summary judgment so long as the documents are "integral to the complaint and authentic." Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

### 2. Claims Under §§ 1981 and 1983

In her complaint, Mrs. Kroiss appears to bring claims against Cincinnati Insurance under 42 U.S.C. §§ 1981 and 1983 based on a vague allegation of discrimination due to her German national origin. Both claims fail.

Section 1983 states that "[e]very person who, under color of

11

any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects ... any citizen of the United States ... to the deprivation of any rights ... shall be liable to the party injured." 42 U.S.C. § 1983 (2020). As its plain language indicates, § 1983 applies only to persons acting under color of state law, and Mrs. Kroiss here does not (nor could she) allege that the Cincinnati Insurance was acting under color of any state law when it allegedly discriminated against her. It is well settled that § 1983 does not address claims of discrimination brought against purely private individuals or entities not acting under color of state law. Estate of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 648 (M.D.N.C. 2004). As such, any claim made by Mrs. Kroiss against Cincinnati Insurance under § 1983 will be dismissed.

Section 1981 protects the equal right of "[a]ll persons within the jurisdiction of the United States" to "make and enforce contracts" without respect to race. Domino's Pizza, 546 U.S. at 474. "Any claim brought under § 1981, therefore, must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights." Id. at 470. Here, Mrs. Kroiss has failed to identify any contract to which she has rights. Further, she has failed to allege any facts that would suggest Cincinnati Insurance interfered with any purported rights based on her race. As discussed in her complaint, the only tangible act of

discrimination alleged is that Mr. Schott encouraged Mrs. Kroiss not to call the police or an ambulance.  This incident involves no contractual rights, nor does it even involve the named Defendant in the present case.  Although Mrs. Kroiss alleges Cincinnati Insurance failed to respond to multiple phone calls and a certified letter, she provides no basis for believing these actions occurred due to her national origin, and even she did, such actions would not constitute a violation of § 1981.  Mrs. Kroiss's claims of discrimination based on a generalized history of discrimination in America (Doc. 19 at 1-2, 15-16) and her personal experiences of discrimination in unrelated incidents by parties other than Cincinnati Insurance (Doc. 15 at 3, 4) do nothing to further this claim.

As Mrs. Kroiss has failed to state a cognizable claim under federal law, Cincinnati Insurance's motion to dismiss will be granted.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Cincinnati Insurance's motion to dismiss (Doc. 10) is GRANTED and Plaintiffs' complaint (Doc. 1) is DISMISSED, and Cincinnati Insurance's motion to strike (Doc. 20) is DENIED AS MOOT.

/s/   Thomas D. Schroeder
United States District Judge

September 30, 2020